

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ROBERT FREEMAN, § | |
| § | |
| Movant, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:05-655-HFF |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

ORDER

## I.    INTRODUCTION

This is a motion to vacate a sentence under 28 U.S.C. § 2255.  Movant is proceeding *pro se*. As discussed below, the Court will vacate Movant Robert Freeman's (Movant) sentence and reimpose the judgment of conviction in order to afford Movant the opportunity to appeal.

## II.    FACTS AND PROCEDURAL HISTORY[1]

On June 29, 2004, Movant, represented by Counsel, pled guilty to three counts of armed robbery.  On August 20, 2004, a pre-sentence investigation report was prepared, and Movant did not object to the report.  On September 17, 2004, Movant was sentenced to 212 months imprisonment

---

[1] The Court does not discuss the facts of Movant's criminal proceeding in detail but only those facts relevant to the instant motion.

1

and 5 years of supervised.  Movant did not appeal the conviction and sentence but filed the instant motion on March 3, 2005.

### III. MOVANT"S CLAIMS

Movant argues that his sentence should be vacated on the following grounds:

(1) the unconstitutionality of the federal sentencing guidelines

(2) he is being held in violation of his Fifth and Sixth Amendment rights

(3) the enhancement of his sentence was unconstitutional

(4) ineffective assistance of counsel

### IV. DISCUSSION

#### A. Claims (1) through (3)

Because the Court will grant Movant's motion to vacate based on claim (4), the Court finds that it need not address Movant's first three claims.  The Court notes, however, that Movant will have the opportunity to raise these claims on appeal.

#### B. Claim (4)

Movant's fourth claim alleges ineffective assistance of counsel based on a failure to appeal Movant's conviction and sentencing.  Specifically, Movant alleges that his attorney failed to file an appeal when Movant directed him to do so.  If true, this would constitute ineffective assistance of counsel.  *See Evitts v. Lucey*, 469 U.S. 387 (1985); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).  Therefore, Respondent recommends that the Court vacate Movant's sentence and immediately reimpose and reinstate the judgement of conviction so as to allow Movant to appeal the conviction and sentence under Fed. R. Ap. P. 40(b)-(c).

Accordingly the Court will grant, *without opposition*, Movant's motion to vacate his sentence.

V.   **CONCLUSION**

Based on the foregoing, the Court finds that Movant's sentence should be, and hereby is, **VACATED** and that the judgment of conviction be immediately **REIMPOSED** and **REINSTATED** as of the date of this Order.

**IT IS SO ORDERED.**

Signed this 4th day of October, 2005, in Spartanburg, South Carolina.

                                              s/ Henry F. Floyd
                                              HENRY F. FLOYD
                                              UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

Movant has the right to appeal this Order within sixty days from the date hereof, pursuant to Fed. R. Ap. P. 3-4. Failure to meet this deadline waives the right to appeal.